Edvard BADALYAN, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–73642.
Agency No. A75–741–657.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 14, 2005.

Edvard Badalyan, North Hollywood, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David M. McConnell, Julia Doig Wilcox, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, GRABER and GOULD, Circuit Judges.

### MEMORANDUM ***

Edvard Badalyan, a native and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision, summarily affirming the immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and review for substantial evidence an adverse credibility determination. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). We grant the petition and remand.

 Substantial evidence does not support the IJ's adverse credibility finding. The IJ found inconsistencies that were based on a faulty translation, such as which floor Badalyan testified to being on while in the police station, or based on testimony that was not necessarily inconsistent, such as whether Badalyan testified that he was hit only in the face at the police station. *See Bandari v. INS*, 227 F.3d 1160, 1166–67 (9th Cir.2000). The IJ also impermissibly relied on a reasonably-explained inconsistency regarding Badalyan's description of his "level" as a Jehovah's Witness. *See Garrovillas v. INS*, 156 F.3d 1010, 1013–14 (9th Cir.1998). Because the noted inconsistencies are not supported by substantial evidence, Badalyan is not required to corroborate his claim with additional evidence. *See Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000).

We therefore grant the petition and remand for further proceedings so that the BIA can address the merits of Badalyan's case. *See Singh v. INS*, 292 F.3d 1017, 1025 (9th Cir.2002).

PETITION FOR REVIEW GRANTED; REMANDED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

